

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,533-01

### EX PARTE ANNIE KAUNDA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 04-1044-K368A IN THE 368th DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with a governmental record and sentenced to six months in state jail. She did not appeal her conviction.

Applicant contends that her trial counsel rendered ineffective assistance because counsel failed to advise her that she had a defense to the charge. Specifically, Applicant alleges, based on her sworn affidavit, the State could not have met its burden of proof to show she had knowledge the social security card in question was fake and that she intended to defraud the complainant. Applicant further alleges that, but for counsel's deficiencies, she would not have pled guilty.

The trial court recommends that relief be granted and the State agrees to the granting of relief in this case. However, the record before us neither contains an affidavit from counsel in response to these claims[1], nor does it contain any explanation as to why Applicant waited fourteen years before raising this claim in a habeas corpus application.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's claims are barred by laches. If the trial court finds that laches does not apply in this case, it shall also make findings of fact and conclusions of law as to whether Applicant's involuntary plea claim is credible given the extreme fourteen year delay in filing the instant application. The trial court shall also make any other findings of fact and conclusions of law

---

[1] This Court has stated that we ordinarily need to hear from counsel whether there was a legitimate trial strategy for a certain act of omission. *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).

that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019
Do not publish